UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL KEY                                            CIVIL ACTION

VERSUS

CANAL INSURANCE COMPANY, ET AL.          NO. 23-00801-BAJ-SDJ

RULING AND ORDER

This is a personal injury case arising from an automobile accident. Plaintiff Michael Key was hit from behind by Defendant Robert Baughn, who was driving a vehicle owned by Defendant Tenpoint Expediting Services, Inc. and insured by Defendant Canal Insurance Company. (*See* Doc. 11-1 at 2–3). Now before the Court is Plaintiff's **Motion for Partial Summary Judgment on the Issue of Liability, Fault, Course, and Scope of Employment and Certain Affirmative Defenses (Doc. 11, the "Motion")**. Defendants agree to stipulate that Baughn was liable for the accident and was operating in the course and scope of his employment when the accident occurred, but oppose the Motion with respect to Affirmative Defenses 5, 9, 12, and 15, arguing that issues of fact exist which preclude summary judgment on these Defenses. (Doc. 12). Plaintiff did not file a reply. For the reasons that follow, the Motion will be denied as to the contested Affirmative Defenses.

Federal Rule of Civil Procedure 56(a) provides that the Court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The defendant bears the burden of proving any asserted affirmative defense. *E.g.*, *Salinas v. State Farm Fire & Cas. Co.*, No. CV B-10-194, 2011 WL 13254062, at *3 (S.D. Tex. Dec. 27, 2011). When, as here, the nonmoving party bears the burden of proof at trial, "the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587 (quotation omitted). Stated differently, "[i]f the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant." *Piazza's Seafood World, LLC*, 448 F.3d at 752 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court must view all evidence in the light most favorable to the non-moving party. *Piazza's Seafood World, LLC*, 448 F.3d at 752.

Here, Plaintiff moves for summary judgment on Defendants' Affirmative Defenses 1, 2, 5, 8, 9, 12, 14, 15, and 17, stating only that these defenses "have no factual support." (Doc. 11-1 at 12). Defendants oppose with respect to Affirmative

2

Defenses 5—Plaintiff's injuries or damages were caused by unforeseen intervening or superseding causes for which Defendants are not responsible; 9—Plaintiff's injuries and damages were cause by Plaintiff's "own errors, acts, decisions, omissions, negligence, and assumption . . . of risk"; 12—Plaintiff's injuries were caused by third parties; and 15—Plaintiff's injuries were caused by something other than Defendants' negligence. (Doc. 12).[1]

Plaintiff has sued Defendants for negligence under Louisiana Civil Code article 2315.[2] That article provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315. Louisiana has adopted a "duty-risk" approach to negligence, under which a plaintiff must prove five elements: "(1) the plaintiff suffered an injury; (2) the defendant owed a duty of care to the plaintiff; (3) the duty was breached by the defendant; (4) the conduct in question was the cause-in-fact of the resulting harm; and (5) the risk of harm was within the scope of protection afforded by the duty breached." *Doe v. Mckesson*, 945 F.3d 818, 826 (5th Cir. 2019) (collecting Louisiana authority). "Under Louisiana law, Plaintiff bears the burden of proving causation by a preponderance of the evidence." *Bordenave v. Delta Air Lines, Inc.*, No. CV 18-00637, 2020 WL 377017,

---

[1] Because Defendants have failed to meet their burden of production with respect to the remaining Affirmative Defenses, Plaintiff's Motion will be granted as to Affirmative Defenses 1, 2, 8, 14, 16, and 17. *See, e.g., Broussard v. TMR Co.*, No. 2:11-CV-1446, 2013 WL 5516462, at *6 (W.D. La. Oct. 1, 2013) (granting summary judgment on affirmative defense where defendant failed to carry its evidentiary burden).

[2] When a federal court is sitting in diversity, as the Court is here, it is "obligated to apply the substantive law of the forum state." *Chevron Oronite Co., L.L.C. v. Jacobs Field Servs. N. Am., Inc.*, 951 F.3d 219, 225 (5th Cir. 2020) (quotations omitted).

at *2 (M.D. La. Jan. 23, 2020) (quoting *Morris v. Orleans Parish School Bd.*, 553 So.2d 427, 430 (La. 1989)). "The test for determining the causal relationship between the alleged accident and subsequent injury is whether the plaintiff proves through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident." *Id.* (quoting *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95), 650 So. 2d 757, 759).

In their response, Defendants point to evidence in the record that Plaintiff suffered an accident and shoulder injury only a few months before the automobile accident which caused, among other alleged damage, injuries to Plaintiff's shoulder. (*See* Doc. 12 at 4–11). Defendant's evidence includes medical records showing that Plaintiff received treatment for a shoulder injury following the fall but before the car accident, (*see* Doc. 12-5 at 10), and the testimony of Plaintiff himself, in which he admitted that he received an injection for the shoulder injury caused by the fall, (*see* Doc. 12-3 at 28).

Defendants have put forward unchallenged evidence demonstrating that another incident may have caused at least some of Plaintiff's injuries, and therefore Plaintiff's Motion will be denied as to Affirmative Defenses 5, 9, 12, and 15. Each of these defenses essentially foists blame for Plaintiff's injuries on a third party, in this case Plaintiff himself. For purposes of summary judgment, Defendants have successfully established that there is a genuine dispute of material fact regarding whether Plaintiff's own actions caused his injuries (Affirmative Defenses 9, 12), whether a separate incident caused Plaintiff's injuries (Affirmative Defense 15), and

whether "unforeseen intervening or superseding" events caused or contributed to Plaintiff's injury (Affirmative Defense 5). *See Berry v. Roberson*, No. CIV.A. 13-00145, 2014 WL 4373265, at *3 (M.D. La. Sept. 3, 2014) (denying summary judgment for plaintiff when there remained "a genuine issue of material fact regarding what, if any, injuries [the plaintiff] suffered" from the automobile accident in question); *cf. EEOC v. U.S. Steel Tubular Prods., Inc.*, No. 4:14-CV-02747, 2016 WL 11795815, at *4 (S.D. Tex. Aug. 4, 2016) (granting summary judgment on failure-to-mitigate affirmative defense where plaintiff made an initial showing that there was no evidence to support the defense and the defendant failed to come forward with evidence demonstrating otherwise). The question of causation here is more appropriately resolved by a jury at trial. *See Miller v. Mr. B's Bistro, Inc.*, No. CIV.A. 04-3271, 2005 WL 2036780, at *3 (E.D. La. Aug. 3, 2005) (citing *Estate of Adams v. Home Health Care of La.*, 2000–2494 (La.12/15/00), 775 So.2d 1064, 1064) ("Generally, under Louisiana law, causation in tort cases is a question of fact that is inappropriate for disposition upon summary judgment.")).

Accordingly,

**IT IS ORDERED** that Plaintiff Michael Key's **Motion for Partial Summary Judgment on the Issue of Liability, Fault, Course, and Scope of Employment and Certain Affirmative Defenses (Doc. 11)** be and is hereby **DENIED** in so far as it seeks summary judgment on Defendants' Affirmative Defenses 5, 9, 12, and 15. The Motion be and is hereby **DENIED AS MOOT** with respect to liability and course and scope. Finally, because Defendants do not oppose the Motion with respect to the

remaining Affirmative Defenses, the Motion be and is hereby **GRANTED** with respect to Affirmative Defenses 1, 2, 8, 14, 16, and 17.

Baton Rouge, Louisiana, this 18th day of November, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**